**Affirmed and Memorandum Opinion filed March 17, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00066-CR

### JOSHUA LONNEL JOHNSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 13-CR-1249**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Joshua Lonnel Johnson of possession with intent to deliver a controlled substance. Appellant entered a plea of true to one enhancement paragraph and the jury sentenced him to confinement for 25 years in the Institutional Division of the Texas Department of Criminal Justice. In two issues on appeal, appellant claims the trial court erred in overruling his *Batson*[1] challenge to two venirepersons. We affirm.

---

[1] *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

Generally, a *Batson* challenge gives rise to a three-step process: (1) the defendant must make a prima facie case that a venire member was peremptorily excluded on the basis of race; (2) the State must proffer race-neutral reasons for the peremptory strike; and (3) the defendant has the opportunity to rebut the State's explanations. *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). "The burden of persuasion remains with the defendant to prove purposeful discrimination." *Id.* If the State offers a race-neutral explanation before any inquiry on the prima facie case, as occurred in this case, the issue of a prima facie case is moot. *Johnson v. State*, 68 S.W.3d 644, 649 (Tex. Crim. App. 2002). "Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." *Purkett v. Elem*, 514 U.S. 765, 768, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995); *see also Guzman v. State*, 85 S.W.3d 242, 246 (Tex. Crim. App. 2002).

The record reflects the following occurred:

THE COURT: . . . Any objections to the Jury, on behalf of Defendant?

[Defense Counsel]: Yes, we do have an objection, Your Honor. We would like to raise a Batson v. Kentucky challenge.

THE COURT: On who?

[Defense Counsel]: On two jurors that the State struck. That would be Juror No. 1, [N.C.], and Juror 4, [J.P.]. We ask the State give a reason for striking them. They are African American jurors -- the Defendant in this case is an African American -- and ask the State to state on the record the reason why these individuals were struck.

THE COURT: No. 1, correct?

[Defense Counsel]: No. 1 and No. 4.

[The State]: Judge, No. 1 had a lot of questions about possession on two of the State's questions about a hypothetical possession. He said, "I don't know what possession is." So the reason for cause was he wouldn't be able to follow the possession law.

2

And then he also said that he thought drugs should be illegal [sic[2]] and he didn't have an opinion on the war on drugs and he also said that prison was more for rehabilitation and not punishment.

THE COURT: Okay. Your motion on No. 1 is denied. You say No. 4, also, right?

[Defense Counsel]: Yes, Your Honor.

THE COURT: No. 4?

[The State]: No. 4 initially said he couldn't follow the range of punishment. He also said your car is not in your possession even if you had the keys. He thinks drugs should be legal, and he has drug issues in his family.

THE COURT: Anything else, [Defense Counsel]?

[Defense Counsel]: No, Your Honor.

THE COURT: Okay. I will deny your motion on No. 4. . . .

The State's explanations do not reflect an inherently discriminatory intent and appellant did not attempt to rebut the State's reasons. Accordingly, the trial court's finding that the State's explanations were race-neutral is supported by the record and is not clearly erroneous. *See Simpson v. State*, 119 S.W.3d 262, 268 (Tex. Crim. App. 2003); *Mathis v. State*, 67 S.W.3d 918, 924-25 (Tex. Crim. App. 2002). Appellant's issues are overruled and the judgment of the trial court is affirmed.

/s/ Marc W. Brown
   Justice

Panel consists of Justices Jamison, Busby, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] Although the State said "illegal" in its explanation, the record of voir dire reflects that juror No. 1 indicated a belief that there are some illegal drugs in Texas that should be legalized.